**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5029-16T3

ROBERT H. SMITH,

    Plaintiff-Appellant,

v.

THE ESTATE OF DARIEN
SMITH, RICHARD SMITH,
individually and as EXECUTOR
OF THE ESTATE OF DARIEN
SMITH, JOHN SMITH, and
SUSAN SMITH,

    Defendants-Respondents.

_____

        Argued October 23, 2018 – Decided November 13, 2018

        Before Judges Fisher, Hoffman and Firko.

        On appeal from Superior Court of New Jersey, Law Division, Warren County, Docket No. L-0002-16.

        James L. Pfeiffer argued the cause for appellant (Pfeiffer, Bruno, Minotti & DeEsch, attorneys; James L. Pfeiffer, of counsel; Travis J. Savoia, on the briefs).

Brad M. Russo argued the cause for respondents (Russo Law Offices, LLC, attorneys; Brad M. Russo, on the brief).

PER CURIAM

In this appeal, we consider plaintiff Robert H. Smith's arguments that his Law Division action against three siblings – defendants Richard Smith, John Smith, and Susan Smith – was erroneously dismissed by way of summary judgment. Because we agree with the motion judge that plaintiff's withdrawal of his caveat in the probate proceedings involving their father's estate[1] eviscerated the pleaded Law Division claims, we affirm.

The record reveals that Darien Smith died on February 17, 2015. He was survived by five children: plaintiff, the three named defendants, and Janet Haddad, who is not a party. Darien Smith's 2011 will bequeathed his primary residence to Richard and a "cabin" to John. The remainder was bequeathed to his other three children in unequal parts: fifty percent to Susan, forty percent to plaintiff, and ten percent to Janet.

Within days of Darien Smith's death, plaintiff filed a caveat, asserting "there might be undue influence" and suggesting a concern about payments

---

[1] Plaintiff also asserted claims against his father's estate. At oral argument before us, however, he acknowledged he possesses no viable claim against the estate.

made to his siblings prior to their father's death.  In June 2015, Richard filed a complaint in the Probate Part seeking removal of the caveat, admission of the 2011 will to probate, and his appointment as the estate's executor. Two weeks later, plaintiff withdrew the caveat; as he later testified, he understood that by taking that step he was forfeiting any right to contest the will or "pursue the estate." The will was admitted to probate on July 22, 2015.

On December 31, 2015 – after the time to seek relief from the probate judgment had elapsed, see R. 4:85-1 – plaintiff filed this Law Division action against his father's estate, Richard, John, and Susan. The complaint consisted of five counts:

- a quantum meruit claim against the estate;

- a civil conspiracy and fraud claim against the estate, Richard, John, and Susan;

- a claim alleging waste, citing N.J.S.A. 2A:65-5, against Richard;

- a claim alleging tortious interference with inheritance against Richard, John, and Susan; and

- a punitive damages claim "against each [d]efendant."

After discovery, which included the depositions of all parties, the motion judge granted defendants' motion for summary judgment.

The crux of plaintiff's grievance with defendants arises from the allegation that he – like those siblings he sued – provided services to their father toward the end of his lifetime but, unlike those siblings, he was not compensated; plaintiff claims he anticipated receiving compensation for his services through the will's provisions, not by payment during his father's lifetime, and that he also was unaware that the other siblings were being paid. In considering the issues on appeal, we assume the truth of this allegation. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

To start our analysis of the viability of these claims, we initially note that plaintiff concedes that the one claim we think might have been cognizable here – plaintiff's quantum meruit claim against the estate – was properly dismissed. He chiefly argues instead that his other claims were cognizable in the Law Division despite his failure to pursue them in the probate proceedings when he had the chance. We find insufficient merit in plaintiff's arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(1)(E), and affirm. We add only a few brief comments.

At oral argument before us plaintiff asserted that his claim is one of fraud. This fraud, he argued, arose from the allegation that his siblings surreptitiously sought and obtained compensation for looking after their aging father, while

4

plaintiff, unaware of what the siblings were doing, did not seek or obtain payment. But, instead of pursuing a claim in the Probate Part that either the siblings had improperly compensated themselves from their father's property or that the estate should compensate him for the similar services he claims to have rendered, plaintiff allowed the probate proceedings to move forward without his input or an assertion of this allegation. In other words, the facts of which plaintiff complains either suggest that the siblings were paid something to which they were not entitled or plaintiff was not paid that to which he was entitled; the former would be a claim belonging to the estate and the latter would be a claim against the estate in quantum meruit. The former was a matter to be pursued by the estate itself or by plaintiff (on a waste theory) in the Probate Part; not as a separate Law Division claim by plaintiff as a beneficiary against other beneficiaries. And while the latter – the claim that decedent owed plaintiff for services rendered at the time of death – might have been pursued as a quantum meruit claim against the estate in the Law Division if timely commenced, plaintiff acknowledges it was properly dismissed by the motion judge and that claim, therefore, is not now before us.

And, if we were to assume that the circumstances alleged by plaintiff might support a claim of tortious interference with inheritance – which plaintiff

also describes as a fraud claim – we agree with the trial judge that the forum for that claim was the Probate Part. See Garruto v. Cannici, 397 N.J. Super. 231, 240 (App. Div. 2007). Again, plaintiff filed a caveat and thereby secured an opportunity to claim his siblings somehow exerted undue influence or otherwise tortuously interfered with what he might fairly have inherited.  Because plaintiff abandoned those claims when he withdrew his caveat,[2] he could not later pursue that claim in the Law Division.[3]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2]  If the withdrawal of the caveat was not fatal, then plaintiff's failure to seek relief in the Probate Part within four months of the probate judgment was certainly fatal. See R. 4:85-1.

[3]  As noted, the complaint also alleged waste, citing N.J.S.A. 2A:65-5. Plaintiff has not discussed this claim in his written and oral submissions here. Moreover, although the Legislature has provided additional remedies in such an event, including treble damages, there is nothing in the record to suggest this pleaded cause of action varied from the tortious-interference-with-inheritance claim. We find that claim was properly dismissed for the same reasons.

A-5029-16T3